UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN SUTTON,<br><br>                Petitioner,<br>v.<br>WARDEN K. OLSEN, *et al.*,<br><br>                Respondents. | Case No. 3:21-cv-00435-MMD-CLB<br><br>ORDER |

Before the Court is Petitioner Kevin Sutton's application to proceed *in forma pauperis* ("IFP Application"). (ECF No. 1.) Sutton is a *pro se* prisoner in the custody of the Nevada Department of Corrections ("NDOC") and is currently housed at Warm Springs Correctional Center. A *pro se* petitioner is required to file his petition for writ of habeas corpus under 28 U.S.C. § 2254 on the Court's approved form. *See* LSR 3-1; Habeas Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts.

Sutton submitted his petition (ECF No. 1-1) on the wrong form. Sutton filed his petition under 28 U.S.C. § 2241. However, he is in custody pursuant to a state court judgment of conviction, so the only proper basis for his claims is 28 U.S.C. § 2254. *See White v. Lambert*, 370 F.3d 1002, 1005-07 (9th Cir. 2004), *overruled on other grounds by Hayward v. Marshall*, 603 F.3d 546, 555 (9th Cir. 2010) (en banc). The form is important as it provides the Court with necessary information to conduct preliminary review of the petition. Accordingly, Sutton must, within 45 days of the date of this order, file an amended petition for habeas corpus relief on the Court's form.[1] In doing so, Sutton is advised to follow the instructions on the form and to refrain from lengthy legal or factual arguments.

---

[1]Sutton at all times remains responsible for calculating the applicable statute of limitations. By ordering Sutton to amend his petition, the Court makes no finding or representation that either the original or amended petition will be considered timely.

Additionally, a $5.00 filing fee is required to initiate a habeas action in a federal district court. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees. The Court may authorize a person to begin an action without prepaying fees and costs if the person demonstrates indigency. *See* 28 U.S.C. § 1915; LSR 1-1, 1-2. Although Sutton submitted an IFP Application, the supporting documents show he is able to pay the $5 filing fee. (ECF No. 1.) Thus, Sutton does not qualify for a fee waiver. Further, Sutton paid the $5 filing fee on October 8, 2021. (ECF No. 3.)

It is therefore ordered that Sutton's application to proceed *in forma pauperis* (ECF No. 1) is denied.

It is further ordered that Sutton must file an amended petition, on the § 2254 form, within 45 days of the date of this order.

The Clerk of Court is directed to mail Sutton two blank copies of the form petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 along with instructions.

It is further ordered that Sutton must clearly title the amended petition as such by writing the word "AMENDED" immediately above "Petition for a Writ of Habeas Corpus" on page 1 in the caption, and he must place the case number, 3:21-cv-00435-MMD-CLB, in the designated space.

Failure to timely comply with this order will result in the dismissal of the petition (ECF No. 1-1) without prejudice and without further advance notice.

DATED THIS 10th Day of November 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE