UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KEVIN SUTTON,<br><br>　　　　　　Petitioner,<br>　　v.<br><br>WARDEN OLSEN, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:21-cv-00435-MMD-CLB<br><br>ORDER |

Petitioner Kevin Sutton, a Nevada state prisoner, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (ECF No. 1-1) and a motion for judicial notice (ECF No. 5). This habeas matter is before the Court for initial review under the Rules Governing Section 2254 Cases. Sutton challenges a 1999 judgment of conviction entered in the Eighth Judicial District Court in Case No. 96C139518, pursuant to which he is still in custody.[1] The Court takes judicial notice of the habeas petitions Sutton has filed in the District of Nevada, including one that was decided on the merits. *See Kevin D. Sutton v. Craig Farwell*, Case No. 3:04-cv-00498-HDM, ECF No. 7 (D. Nev. Oct. 18, 2004); *Sutton v. Baker et al.*, Case No. 3:18-cv-00598-MMD-CLB, ECF No. 4 (D. Nev. Jan. 4, 2019).

As this Court has previously explained to Sutton, a second or successive petition may not be filed absent authorization from the Court of Appeals. The current petition is second or successive because a prior federal petition was decided on its merits, Sutton

---

[1]The Court takes judicial notice of the online docket records of the Eighth Judicial District Court and Nevada appellate courts. The docket records may be accessed by the public online at https://www.clarkcountycourts.us/Anonymous/default.aspx and http://caseinfo.nvsupremecourt.us/public/caseSearch.do. According to state court records, of which this Court takes judicial notice, no intervening judgment of conviction has been entered in Sutton's criminal case.

attacks the same judgment of conviction, and the claims Sutton raises here are based on facts that had occurred by the time of the prior petition. *See Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018). Under 28 U.S.C. § 2244(b)(3), before a second or successive petition is filed in the federal district court, a petitioner must move in the court of appeals for an order authorizing the district court to consider the petition. A federal district court does not have jurisdiction to entertain a successive petition absent such permission. *See Brown*, 889 F.3d at 667. Sutton makes no allegation or showing that he has received authorization from the Ninth Circuit Court of Appeals to file this second or successive petition. The Court must therefore dismiss this second or successive petition for lack of jurisdiction.

It is therefore ordered that this action is dismissed without prejudice for lack of jurisdiction.

It is further ordered that Sutton's Motion for Judicial Notice (ECF No. 5) is denied as moot.

It is further ordered that Sutton is denied a certificate of appealability, as jurists of reason would not find the dismissal of the petition on jurisdictional grounds to be debatable or wrong.

The Clerk of Court is directed to add the Nevada Attorney General Aaron D. Ford as counsel for Respondents. No response is required from Respondents other than to respond to any orders of a reviewing court.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Clerk of Court is directed to serve the amended petition (ECF No. 6) on the Nevada Attorney General and this order by sending a notice of electronic filing to the Nevada Attorney General's office.

///

///

The Clerk of Court is further directed to enter judgment accordingly and close this case.

DATED THIS 1st Day of February 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE